# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: November 19, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| BONNIE FORMAN-FRANCO, | * | UNPUBLISHED |
| | * | No. 15-1479V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.
Adriana R. Teitel, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 7, 2015, Bonnie Forman-Franco ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that as a result of the influenza vaccination administered on December 30, 2013, she suffered a shoulder injury. Petition at 1 (ECF No. 1). On July 24, 2020, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on July 27, 2020. (ECF No. 127).

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On August 12, 2020, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 127). Petitioner requests compensation in the amount of $52,839.59, representing $47,050.20 in attorneys' fees, $5,789.39 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants she has not personally incurred any costs in pursuit of this litigation. Id. Respondent filed his response on August 26, 2020 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 129). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $52,339.59.

**I.    Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

**a.    Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

i. **Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of her counsel at Muller Brazil: Mr. Paul Brazil: $255.00 per hour for work performed in 2015, $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, $317.00 per hour for work performed in 2018, $325.00 per hour for work performed in 2019, and $350.00 per hour for work performed in 2020; and for Ms. Amy Senerth, $225.00 per hour for work performed in 2017. These rates are consistent with what Mr. Brazil and Ms. Senerth have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

ii. **Reasonable Hours Expended**

The undersigned has reviewed the submitted billing entries and finds that the hours billed are largely reasonable. However, a small amount must be reduced for an excessive amount of time expended around the filing of documents, both for paralegals who are filing the documents, and attorneys, who billed time either to direct paralegal activity to file those documents or review that the documents were filed. Upon review of the billing entries, a reasonable reduction is $500.00. Petitioner is therefore awarded final attorneys' costs of $46,550.20.

b. **Attorneys' Costs**

Petitioner requests a total of $5,789.39 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's medical expert Dr. George Huffman. Upon review, petitioner has provided adequate documentation supporting these costs, and they all appear reasonable in the undersigned's experience. The undersigned must note, however, the deficient nature of Dr. Huffman's invoice, which merely states "Sirva Report" for $3,250.00 as a single line item and "Supplemental Report" for $625.00 as another line item. Per the Guidelines for Practice Under the National Vaccine Injury Program, petitioner should provide an invoice with dated records indicating the amount of time spent on each task and the hourly rate charged by the expert.[3] Because the total

---

[3] The Guidelines for Practice are available at
http://www.cofc.uscourts.gov/sites/default/files/19.04.19_Vaccine_Guidelines.pdf.

3

amount sought for Dr. Huffman's work is reasonable in light of the work he performed in the instant case, and because it would likely be impossible for counsel to obtain a more detailed description of work performed over two years ago, the undersigned shall reimburse the amount. However, the onus is on counsel to apprise medical experts of the need to keep contemporaneous billing records for purposes of reimbursement by the Court, and counsel is on notice that submission of similarly deficient invoices in the future may result in partial or total non-reimbursement.

##    II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $47,050.20 |
| (Total Reduction from Billing Hours) | - ($500.00) |
| **Total Attorneys' Fees Awarded** | **$46,550.20** |
| | |
| Attorneys' Costs Requested | $5,789.39 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$5,789.39** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$52,339.59** |

**Accordingly, the undersigned awards a lump sum in the amount of $52,339.59, representing attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Paul Brazil.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                **s/Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.